UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD WOLFFER<br>   Plaintiff<br><br>v.<br><br>PINNACLE ASSET GROUP, LLC &<br>JOHN DOE a/k/a MARK JOHNSON<br>   Defendants | CIVIL ACTION<br><br>COMPLAINT<br><br>JURY TRIAL CLAIMED<br><br><br>DECEMBER 1, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer against a collection agency for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and includes pendent State claims for violation of the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645, the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.* and for intentional infliction of emotional distress.

### II. PARTIES

2. Plaintiff, Richard Wolffer, is a natural person residing in Woodbury, Connecticut.

3. Defendant Pinnacle Asset Group, LLC ("Pinnacle") is a New York Limited Liability Company that is in the business of purchasing and collecting delinquent debts.

4. John Doe a/k/a Mark Johnson is an employee of Pinnacle who works as a debt collector. Mark Johnson's identity and state of residence are not known to Plaintiff but are ascertainable in discovery.

## III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337; supplemental jurisdiction is proper pursuant to 28 U.S.C § 1367.

6. This Court has jurisdiction over Pinnacle because it engages in collection activity in Connecticut.

7. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

8. Pinnacle purchased a consumer debt (the "Debt") that was claimed against the Plaintiff and attempted to collect that Debt.

9. On or around the beginning of September 2010, Mark Johnson began telephoning Plaintiff in an attempt to collect the Debt, and he spoke with Plaintiff around the first week of September 2010, and during that conversation, Mark Johnson told Plaintiff that he had sent him a packet of paperwork, and that Plaintiff's "ten days had expired," and that his only recourse in order to avoid being sued was to enter into a payment arrangement with Pinnacle.

10. On or around September 14, 2010, Mark Johnson called and left a message on Plaintiff's home answering machine; on that message, Mark Johnson failed to state that it was a debt collector calling or was attempting to collect a debt from Plaintiff, and he made the following deceptive statements: he stated that he was chief of staff with the offices of legal processing with Pinnacle, that a claim had been placed with Pinnacle for litigation purposes and that the claim was about to be transferred to Pinnacle's affiliate in Litchfield County for proceedings to commence, that Plaintiff's "ten day notification period" had expired and that the claim could be transferred to Pinnacle's affiliate in the next few days, but that settlement options would be available to Plaintiff until he was served with a summons and subpoena at Plaintiff's home or workplace, at which point Plaintiff would not be able to contact Pinnacle because the

case would be on a docket and Plaintiff would have an official appearance date for court, and that he needed Plaintiff to call him immediately so that Pinnacle could dismiss the claim against him without prejudice and avoid having him served and filing suit.

11. Plaintiff called Mark Johnson and left him a message notifying him that he would be filing for bankruptcy and that the Debt was to be included in his bankruptcy filing.

12. On or around September 15, 2010, Mark Johnson called Plaintiff from phone number (716) 608-4620 and left a message on his home answering machine; on that message, Mark Johnson failed to state that it was a debt collector calling or was attempting to collect a debt from Plaintiff, and he told Plaintiff that he "took the low road out" for deciding to file for bankruptcy, and that his bankruptcy would not discharge the Debt anyway because Pinnacle and its client were going to pursue litigation aggressively and get a court ordered judgment, and that Plaintiff would not be able to discharge that judgment through his bankruptcy, and that Plaintiff needed to have his bankruptcy attorney call him and provided him with proof of retention and proof that Plaintiff paid him a retainer.

13. Sometime around the beginning of October 2010, Mark Johnson called and left a message on Plaintiff's home answering machine; on that message, Mark Johnson failed to state that it was a debt collector calling or was attempting to collect a debt from Plaintiff.

14. Plaintiff rents a room in his home for supplemental income, and while he played some of the messages described above, his tenants could hear the message from the room they were sitting in, and his tenants later asked him about the substance of the messages.

### V. COUNT ONE
### Fair Debt Collection Practices Act – Pinnacle

15. Plaintiff incorporates Paragraphs 1-14.

16. Pinnacle violated the FDCPA in one or more of the following respects:

a. Pinnacle violated 15 U.S.C. §§ 1692e(3) and 1692e(10) by falsely and deceptively implying that the communication was from an attorney.

b. Pinnacle violated 15 U.S.C. §§ 1692e(5) and 1692e(10) by threatening to serve Plaintiff with a subpoena and summons when Pinnacle does not serve subpoenas or summonses and when Pinnacle did not intend to do so.

c. Pinnacle violated 15 U.S.C. § 1692e(10) by falsely stating that the case would be on a docket at the time or before Plaintiff was served with a summons, and by falsely implying that there was already a civil claim filed against Plaintiff and falsely stating that that claim would be dismissed without prejudice if Plaintiff contacted Pinnacle immediately and agreed to their terms, and by falsely stating the imminence of litigation in general.

d. Pinnacle violated 15 U.S.C. § 1692e(10) when it stated to Plaintiff that he had to send Pinnacle proof that he had paid a retainer to his bankruptcy attorney.

e. Pinnacle violated 15 U.S.C. § 1692c by making impermissible communications with third parties.

f. Pinnacle violated 15 U.S.C. § 1692e(11) by leaving messages for Plaintiff that failed to state that the communication was from a debt collector.

g. Pinnacle violated 15 U.S.C. § 1692d by telling Plaintiff that he had "taken the low road out" by filing for bankruptcy, which statement was made for the purpose of harassing and abusing Plaintiff.

h. Pinnacle violated 15 U.S.C. § 1692d by engaging in conduct as described above, the natural consequence of which was to harass, oppress, or abuse the plaintiff.

i. Pinnacle violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect the debt as described above, and

4

j. Pinnace violated 15 U.S.C. § 1692g by either not sending the notice required by that section or by overshadowing the rights provided by that section.

17. For Pinnacle's violations of the FDCPA as described above, Plaintiff is entitled to recover his actual damages (including emotional distress related damages), statutory damages of $1,000, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

### VI. COUNT TWO
### Fair Debt Collection Practices Act – Mark Johnson

18. Plaintiff incorporates Paragraphs 1-14.

19. Mark Johnson violated the FDCPA in one or more of the following respects:

   a. Mark Johnson violated 15 U.S.C. §§ 1692e(3) and 1692e(10) by falsely and deceptively implying that the communication was from an attorney.

   b. Mark Johnson violated 15 U.S.C. §§ 1692e(5) and 1692e(10) by threatening to serve Plaintiff with a subpoena and summons when Pinnacle does not serve subpoenas or summonses and when Pinnacle did not intend to do so.

   c. Mark Johnson violated 15 U.S.C. § 1692e(10) by falsely stating that the case would be on a docket at the time or before Plaintiff was served with a summons, and by falsely implying that there was already a civil claim filed against Plaintiff and falsely stating that that claim would be dismissed without prejudice if Plaintiff contacted Pinnacle immediately and agreed to their terms, and by falsely stating the imminence of litigation in general.

   d. Mark Johnson violated 15 U.S.C. § 1692e(10) when it stated to Plaintiff that he had to send Pinnacle proof that he had paid a retainer to his bankruptcy attorney.

   e. Mark Johnson violated 15 U.S.C. § 1692c by making impermissible communications with third parties.

5

    f. Mark Johnson violated 15 U.S.C. § 1692e(11) by leaving messages for Plaintiff that failed to state that the communication was from a debt collector.

    g. Mark Johnson violated 15 U.S.C. § 1692d by telling Plaintiff that he had "taken the low road out" by filing for bankruptcy, which statement was made for the purpose of harassing and abusing Plaintiff.

    h. Mark Johnson violated 15 U.S.C. § 1692d by engaging in conduct as described above, the natural consequence of which was to harass, oppress, or abuse the plaintiff; and

    i. Mark Johnson violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect the debt as described above.

20. For Mark Johnson's violations of the FDCPA as described above, Plaintiff is entitled to recover his actual damages (including emotional distress related damages), statutory damages of $1,000, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

### VII. COUNT THREE
### Creditor Collection Practices Act – Pinnacle

21. Plaintiff incorporates Paragraphs 1-14.

22. Pinnacle violated the CCPA and the regulations promulgated thereunder by the Connecticut Department of Banking, in one or more of the following respects:

    a. Pinnacle violated Conn. Agencies Reg., §§ 36a-647-6(3) and 36a-647-6(11) by falsely and deceptively implying that the communication was from an attorney.

    b. Pinnacle violated Conn. Agencies Reg., §§ 36a-647-6(3) and 36a-647-6(11) by falsely and deceptively implying that the communication was from a Connecticut attorney.

    c. Pinnacle violated Conn. Agencies Reg., §§ 36a-647-6(6) and 36a-647-6(11) by threatening to serve Plaintiff with a subpoena and summons when Pinnacle does not serve subpoenas or summonses and when Pinnacle did not intend to do so.

d. Pinnacle violated Conn. Agencies Reg., § 36a-647-6(11) by falsely stating that the case would be on a docket at the time or before Plaintiff was served with a summons, and by falsely implying that there was already a civil claim filed against Plaintiff and falsely stating that that claim would be dismissed without prejudice if Plaintiff contacted Pinnacle immediately and agreed to their terms, and by falsely stating the imminence of litigation in general.

e. Pinnacle violated Conn. Agencies Reg., § 36a-647-6(11) when it stated to Plaintiff that he had to send Pinnacle proof that he had paid a retainer to his bankruptcy attorney.

f. Pinnacle violated Conn. Agencies Reg., § 36a-647- 4 by making impermissible communications with third parties.

g. Pinnacle violated Conn. Agencies Reg., § 36a-647-6(12) by leaving messages for Plaintiff that failed to state that the communication was from a debt collector.

h. Pinnacle violated Conn. Agencies Reg., § 36a-647-5 by telling Plaintiff that he had "taken the low road out" by filing for bankruptcy, which statement was made for the purpose of harassing and abusing Plaintiff.

i. Pinnacle violated Conn. Agencies Reg., § 36a-647-5 engaging in conduct as described above, the natural consequence of which was to harass, oppress, or abuse the plaintiff; and

j. Pinnacle violated Conn. Agencies Reg., § 36a-647-6 by using unfair or unconscionable means to attempt to collect the debt as described above.

23. For Pinnacle's unfair acts, Plaintiff seeks his damages (including emotional distress related damages), statutory damages, and attorney's fees and costs pursuant to Public Act No. 07-176.

## VIII. COUNT FOUR
### Intentional Infliction of Emotional Distress – Pinnacle & Mark Johnson

24. Plaintiff incorporates Paragraphs 1-14.

25. Pinnacle and Mark Johnson knew, or reasonably should have known, that their conduct would likely cause emotional distress to Plaintiff.

26. Pinnacle's and Mark Johnson's conduct did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress and anxiety.

27. Pinnacle's and Mark Johnson's actions were willful, wanton and malicious, in that they intended to cause Plaintiff distress to induce Plaintiff to pay the debt, in hopes that Plaintiff would pay in order to relieve the stress.

28. Plaintiff is entitled to his damages.

## IX. COUNT FIVE
### CUTPA – Pinnacle

29. Plaintiff incorporates Paragraphs 1-14.

30. Pinnacle has engaged in unfair and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a *et seq*.

31. Plaintiff has suffered an ascertainable loss on account of Pinnacle's illegal debt collection activities, in that he has incurred costs associated with cell phone minutes expended speaking with Pinnacle's representatives and his relationship with his tenants has been adversely impacted.

32. Pinnacle violated CUTPA and is liable to Plaintiff for his monetary damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, Plaintiff prays for the following relief:

Monetary damages related to Plaintiff's emotional distress; Actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k, actual damages, punitive damages, and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g, actual damages, statutory damages, and attorney's fees and costs pursuant to Public Act No. 07-176; and such other relief as this Court deems appropriate.

                              PLAINTIFF, RICHARD WOLFFER

                              By: /s/ Daniel S. Blinn
                              Daniel S. Blinn, ct02188
                              Matthew W. Graeber, ct27545
                              dblinn@consumerlawgroup.com
                              Consumer Law Group, LLC
                              35 Cold Spring Rd. Suite 512
                              Rocky Hill, CT 06067
                              Tel. (860) 571-0408; Fax. (860) 571-7457